UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ruzdija Basuljevic,<br><br>                    Plaintiff,<br><br>    -against-<br><br>Declyn Wallace Thornton Lauper,<br><br>                    Defendant. | 24-cv-02023 (ALC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On February 1, 2025, Defendant and Third-Party Plaintiff Lauper filed a letter stating that he had filed for Chapter 7 bankruptcy and that the automatic stay applies to this case. (ECF 40.) In fact, the automatic stay applies only to the claims against Mr. Lauper as Defendant; it does not apply to the claims he brings as a Third-Party Plaintiff. Section 362 of the Bankruptcy Code provides an automatic stay of the "commencement or continuation" of "proceeding[s] against the debtor[.]" 11 U.S.C. § 362(a)(1). "[T]he automatic stay provision of Section 362 by its terms only stays proceedings against the debtor, and does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." *Verragio, Ltd. v. AE Jewelers, Inc.*, 15-CV-6500 (CM), 2017 WL 1753478, at *2 (S.D.N.Y. Apr. 27, 2017) (internal quotation marks omitted). As relevant here, the automatic stay under Section 362 does not apply to the debtor's third-party claims. *See Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, 309 F. Supp. 3d 100, 108 n.2 (S.D.N.Y. 2018). Accordingly, it is ORDERED that the parties shall file a joint letter on the docket by **February 21, 2025** informing me of the parties' positions as to whether the Court should exercise its discretion to stay the third-party claims brought by Mr. Lauper.

DATED: February 11, 2025　　　　　　　　　　　　SO ORDERED.
　　　　　New York, NY

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　**ROBYN F. TARNOFSKY**
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge